GEORGE H. BUSHNELL & another *vs.* JOHN G. AVERY & another.

Worcester.　October 6.— 23, 1876.　COLT & MORTON, JJ., absent.

A bill in equity alleged that the plaintiffs were the assignees of the mortgagors of certain personal property, of which they were in possession; that they had fully performed all the conditions of the mortgage and were entitled to hold the property discharged therefrom; that the mortgagees had given notice of an intention to foreclose and threatened to take possession of the property, by reason of which a cloud rested on their title, and prayed for an account. *Held*, that the bill disclosed no ground for relief in equity.

If the stating part of a bill in equity shows no ground for an account, a prayer for an account does not entitle the plaintiff to maintain his bill.

DEVENS, J. This bill in equity alleges that the plaintiffs were the assignees of the mortgagors of certain personal property, and are now in the possession of such property; that all the conditions of the mortgage have been fully performed, and the plaintiffs are entitled to hold the property named in the mortgage free and discharged therefrom; but the defendants have given notice of their intention to foreclose the mortgage, and threaten to take possession of the mortgaged property, by reason of which a cloud rests upon the title thereto.

Without discussing under what circumstances a bill to redeem personal property from a mortgage thereon may be maintained, no such condition of facts is set forth as entitles the plaintiffs to the relief prayed for. There is no averment that the plaintiffs are unable to determine upon the facts, as stated by them, and the true construction of the contract, by which they are bound, whether anything is properly due from them to the defendants; nor any averment that the defendants have ever refused to render a full account of their demand. The case, as the plaintiffs present it, is that of a wholly unfounded claim to personal property, of which they are in possession. Of such property they cannot be dispossessed except upon legal proceedings, such as an action of replevin, in which their rights to their property will be fully protected. If the plaintiffs have faithfully performed all the conditions of the mortgage, and nothing is due thereon, their remedy at law is ample against such a claim when it is asserted. Even if under such circumstances the mortgagees follow all the steps laid down by the statute in order to foreclose the mortgage, the chattels included within it will not become their property.

Nor can the bill be maintained upon the ground that a cloud rests upon the plaintiffs' title, even if such a bill ever can be maintained with regard to personal property. Here the defendants have already commenced steps to assert their title by the mode provided for the foreclosure of chattel mortgages, and the plaintiffs have full opportunity to contest the title thus asserted.

In the prayer of their bill the plaintiffs pray that an account may be taken to show what sum is due from them; but there are no allegations, in the stating part of the bill, which show such facts as require that any such account should be ordered. Where it is impossible for mortgagors to ascertain the sum which is due, as they must at their peril tender a sufficient sum, the remedies provided by the statute might not afford them the full relief to which they are entitled. *Boston & Fairhaven Iron Works* v. *Montague,* 108 Mass. 248. But no such case appears by the stating part of the bill, which cannot be enlarged by the terms of the prayer for relief. *Bill dismissed.*

*G. H. Ball,* for the plaintiffs.

*W. T. Harlow,* for the defendants.