# WHEELING.

## WHITE, ADM'R, *v.* KENNEDY'S ADM'R.

Submitted June 28, 1883—Decided December 15, 1883.

1. In a creditor's bill against the administrator and heirs of a decedent to enforce the collection of a debt, secured to the plaintiff by the *joint and several* obligation of the decedent, and *another obligor*, such obligor is a necessary party to such bill, although he may be a non-resident.   (p. 227.)

2. In such a case, such non-resident obligor, has the right to appear, and make defence to such bill; and the administrator and heirs of such decedent have the right to require him to be made a party to the suit, so that in case he should appear his liability for such debt may be ascertained and determined, as between him and such decedent.   (p. 227.)

3. If such a bill be brought against the administrator of such decedent, and *other defendants,* not *designated therein as his heirs,* or as his creditors, praying for a settlement of the administration accounts of such administrator, and for a sale of the lands of such decedent for the payment of debts, and *such other defendants* are treated by the court and decreed against as *such heirs ;* if one of them appears and answers such bill, and makes defence thereto, and the court improperly decrees said lands to be sold for the payment of said debts, he may appeal from such decree, although he was not designated in said bill as an heir of such decedent, and if such decree be erroneous, as to him, it will be reversed as to all such other defendants. (p. 228.)

WOODS, JUDGE, furnishes the following statement of the case :

Nathan S. White, as the administrator of Leonard Saddler, deceased, claiming that the estate of Andrew Kennedy, deceased, was indebted to his intestate in the sum of one thousand and fifty-two dollars and eighty-five cents, which became payable on the 17th day of December, 1850, filed his bill in the circuit court of Jefferson county, in the words and figures following :

"Nathan S. White, administrator of Leonard Saddler, files this his bill of complaint against Anthony Kennedy, administrator d. b. n. of Andrew Kennedy, Andrew E. Kennedy, John W. Kennedy, Mary E. Cooke, E. P. Kennedy, S. D. Kennedy and Mary S., his wife, Jno. Selden and Sarah D., his wife, Lizzie G. Selden, A. K. Selden, W. C. Selden, and said Anthony Kennedy, as executor of M. A. R. Kennedy.

"The complainant respectfully represents that one Andrew Kennedy, now deceased, did, on the 17th day of December, 1849, execute his writing obligatory, together with Philip P. Dandridge, jointly and severally, to the complainant's intestate, the said Leonard Saddler, deceased, by which writing obligatory the said Andrew Kennedy, deceased, and Philip P. Dandridge bound themselves jointly and severally, and their respective heirs, to pay to the said Leonard Saddler, deceased, the sum of one thousand and fifty-two dollars and eighty-five cents twelve months after the date of said writing obligatory. And your complainant avers that the said Andrew Kennedy departed this life on the — day of ——, 18—, without ever having paid said bond, or any part thereof, the said

bond never yet having been paid in whole or in part by the said Andrew Kennedy, deceased, or by the said Philip P. Dandridge, or by any one for either of them. And your complainant avers that the said Andrew S. Kennedy departed this life intestate, owning and possessing two large tracts of land in Jefferson county known, respectively, as 'Cassilis' and 'The Cave,' the first named containing —— acres and the second —— acres. The said Philip P. Dandridge is a non-resident of this State, residing at present in the town of Winchester, county of Frederick and State of Virginia.

"The complainant therefore prays that such accounts may be taken as may be necessary, and should there be no sufficient personalty, that the said two tracts of land, or so much of both or either as may be necessary, may be subjected to sale for the payment of said writing obligatory, with interest thereon at six per cent. from the 28th day of March, 1859, until paid, and to this end the complainant prays that the defendants named as such in the caption of this bill may be made such by proper process and required to answer, and that all such other and further relief may be granted as may be equitable."

On the 22d April, 1878, the cause was heard upon the bill taken for confessed against all the defendants, and referred to a commissioner, to take proof as to the debt in the bill named, and to settle the administration account of Anthony Kennedy, administrator *de bonis non* of Andrew Kennedy, deceased, as far as may be necessary to determine whether there are any personal assets applicable to the payment of this debt, and to ascertain what real estate was owned by said Andrew Kennedy, deceased, liable to pay the said debt; the value of said realty and the annual rental value thereof, and reserved to the said administrator *de bonis non* of Andrew Kennedy the right to thereafter answer the plaintiff's bill. Said commissioner returned his report, showing that there was due to the plaintiff's intestate on the debt on the bill named the sum of two thousand two hundred and eighty-five dollars and three cents, including unpaid interest thereon up to the 1st October, 1878; that there were no assets in the hands of said administrator *de bonis non* applicable to said debt, and that said Andrew Kennedy died seized of a

farm in said county called "Cassilis," containing two hundred and forty-five acres, supposed to be worth twenty thousand dollars, whereof the average annual rental value was seven hundred and sixteen dollars and sixty-six cents. Before or at the time the court again heard the cause (for the transcript of the record does not furnish the date thereof), the said defendant, Andrew E. Kennedy, filed an answer to said bill, to which no *replication* was ever filed, and although, like the plaintiff's bill, it was exceedingly informal, the said answer, which was in the decree called the "statement" of said Andrew E. Kennedy, alleged the discovery of personal assets belonging to the estate of his intestate, which had come into his possession since the filing of said commissioner's report, and which he produced to the said court, apparently more than enough to satisfy the plaintiff's demand, which he insisted ought to be collected and applied to the satisfaction thereof, before any further proceedings should be had in said cause. The said personal assets referred to in the answer of A. E. Kennedy, produced in court and delivered to the said administrator *de bonis non* of Andrew Kennedy, deceased, consisted of *one tenth* interest in the property of the Shannondale Springs Company, two certificates of ten shares each, and a transfer of fifteen shares of the Kanawha Coal Company, and a bond on one John Selden for one thousand five hundred and eighty dollars, with interest from the 1st day of January, 1849, and payable three years thereafter.

After the filing of this answer the circuit court again heard the cause on the 31st October, 1878, and rendered the following decree:

"This cause coming on to be heard on the papers formerly read, and on the report of Commissioner St. George T. Brooke, returned and filed the 25th day of September, 1878, to which there are no exceptions; whereupon it is decreed that said report be confirmed, and that the plaintiff is entitled to recover of the heirs and personal representatives of Andrew Kennedy, so far as real or personal assets may have come into their hands respectively, the sum of two thousand two hundred and eighty-five dollars and three cents, with interest on one thousand and fifty-two dollars and eighty-five cents

from the 1st day of October, 1878, until paid. And it appearing to the court from a statement filed by Andrew E. Kennedy, one of the defendants, that there are personal assets now under his control discovered since said report, which, as representing the administrator, he asks should be sold and collected by Wm. H. Travers, attorney for the administrator, therefore the court doth decree that said administrator do proceed to sell at public or private sale the stock of the Kanawha Coal Company and the stock of the Shannondale Springs Company, and to collect the debts set out by said Andrew E. Kennedy as speedily as practicable, in order that the proceeds may be applied to the above audited debts, and that said administrator do report to the next term of this court his action under this order."

The said Anthony Kennedy afterwards returned a report to the court, showing that he had not been able to sell said shares of Shannondale Springs Company stock for want of a sufficient bid, and the court by its decree entered in said cause on November 21, 1879, on the papers formerly read, and upon said report of said administrator *de bonis non,* directed him to expose said securities for sale and to sell them for the best price to be obtained for them. The said administrator *de bonis non,* made a second report showing that he had sold said Shannondale Springs Company stock for two hundred and fifty dollars, but that the other securities remained unsold, and that the said Kanawha Coal Company stock, could only be sold in Richmond, with any hope of realizing anything therefrom. On April 13, 1880, the circuit court of said county rendered the following decree:

"This cause came on to be heard this 13th day of April, 1880, upon the papers formerly read, and the report of Anthony Kennedy, administrator of Andrew Kennedy, returned and filed on April 9, 1880, to which report there are no exceptions, and was argued by counsel. Whereupon the court is of opinion to confirm said report. And it appearing that said administrator has made sale of the personal assets of said estate, viz., the thirty shares of the stock of the Shannondale Springs Company, the same being one tenth of the capital stock of said company, for the sum of two hundred and fifty dollars. cash, and reports the stock of the

Kanawha Coal Company unsaleable, it is adjudged, ordered and decreed that the said administrator do apply the said sum of two hundred and fifty dollars, less his commissions, to the payment of the expenses of sale and the costs of this suit, and the balance he pay on account of the claim audited herein, in favor of the plaintiff. It is further adjudged, ordered and decreed that unless the said Anthony Kennedy, administrator as aforesaid, or the defendants, the heirs of Andrew Kennedy, deceased, or some one for them, shall within sixty days from the rising of the court pay to the plaintiff or his attorneys the amount of the claim herein audited, to-wit, two thousand two hundred and eighty-five dollars and three cents, with interest on one thousand and fifty-two dollars and eighty-five cents, part thereof, from October 1, 1878, till paid, subject to the payment to be made by the administrator as aforesaid, that William H. Travers and Joseph Trapnell, who are appointed special commissioners for the purpose, do expose for sale at public auction to the highest bidder so much of the real estate of which the said Andrew Kennedy died seized in the bill and proceedings mentioned, as shall be necessary to raise the said sum of two thousand two hundred and eighty-five dollars and three cents, with interest as aforesaid, and the expenses of sale, upon the terms of one third cash, the residue in one and two years, equal payments, with interest from the day of sale, the deferred payments to be evidenced by the bonds of the purchaser and secured by a deed of trust upon the premises. Said special commissioners are authorized to employ the county surveyor to lay off said parcel. Notice of time, place and terms of sale to be given by advertisement once a week for four successive weeks in some newspaper published in said county, or by printed posters posted for four weeks before the day of sale, or both, as they may deem expedient. Before any money is received by said special commissioners by virtue of this decree, they, or the special commissioner receiving the same, shall execute a bond before the clerk of the court, conditional according to law, in the penalty of two thousand dollars. Said special commissioners will report to a future term of the court."

From this decree the defendants John W. Kennedy and

Andrew E. Kennedy have obtained an appeal and *supersedeas* from this Court.

*J. W. Kennedy* for appellant.

*White & Trapnell* for appellee.

WOODS, JUDGE :

It is *possible* from the frame of the plaintiff's bill, to infer that it was *intended* for a creditor's bill brought against the personal representative and the heirs of Andrew Kennedy, deceased, to settle the administration accounts of the personal representative and ascertain whether any, and if any, what amount of personal assets belonging to the estate of said decedent will remain in his hands applicable to the payment of decedent's debts, what debts due from decedent remain unpaid, to whom owing and the priorities thereof, what land was owned by decedent at his death, and the annual rental value thereof and then to ask a sale of said lands to pay said debts. But we are unable to determine from the allegations of the bill or from anything in the record, whether the defendants in the bill are *heirs* of the decedent or his *creditors*, nor can we determine whether his widow is living or dead, or whether she is one of the defendants before the court; and if any or all of them are his heirs, we are unable to determine, whether they are his children or the descendants of his children, or whether they are his collateral kindred. The bill alleges that the plaintiff's demand is due upon the joint and several obligation of said Andrew Kennedy and one Philip P. Dandridge, who although jointly liable, is not made a party to the bill, simply because he is a non-resident. Although he is a non-resident and no personal decree can be obtained against him, unless he appears in the cause, yet he may appear, and he has the right to appear and make defense to the plaintiff's demand, and in a court of equity the personal representative of his co-obligor has the right to have him brought before the court, that being ultimately liable, he may be made primarily liable for whatever portion of the debt may in equity be due from him. Philip P. Dandridge being jointly liable with said Andrew Kennedy, deceased, for the plaintiff's demand is a necessary party to this suit.

The informal answer of said defendant, Andrew E. Kennedy, having been filed in the cause in accordance with leave to do so reserved in a former decree, and the court having given to it the force and effect of an answer not replied to, by taking the allegations thereof as true, and basing two of its decrees thereon, and having by its last decree in effect overruled his said defence wherein he insisted that the court should take no further proceedings in said cause, until the said personal assets belonging to the estate of said decedent produced by him and delivered to said administrator *de bonis non* should be collected and applied; and having decreed against the *defendants* as the heirs of Andrew Kennedy, deceased, that unless they, or some one for them, do "within ninety days from the rising of the court," pay to the plaintiff the amount of his said demand, the said land should be sold to pay the same, we cannot hold that the said decree as to the said Andrew E. Kennedy is a decree by default; and we therefore hold that his appeal must be entertained, and if the decree complained of be erroneous, he is entitled to have the same reversed.

For these reasons we are further of opinion that the said decrees of the 31st day of October, 1878, and of the 13th day of April, 1880, must be wholly set aside, reversed and annulled, and the cause must be remanded to the said circuit court with leave to the said plaintiff to amend his bill by making the said Dandridge and the heirs of said Andrew Kennedy and his widow, if living, parties defendants thereto, and to be further proceeded in, according to the principles announced in this opinion and according to the rules and principles governing courts of equity; and that the appellee, out of the assets of his intestate in his hands to be administered, do pay to the appellant, Andrew E. Kennedy, his costs by him about the prosecution of his appeal and *supersedeas* in this Court expended, and that the said appeal and *supersedeas* as to the said John W. Kennedy be dismissed as improvidently awarded.

REVERSED.   REMANDED.