# WHEELING.

WETHERILL v. McCLOSKEY BROS. & CO.

Submitted June 15, 1886.—Decided July 3, 1886.

1. When a court of equity has properly taken jurisdiction of a cause against an absent defendant, it must proceed to give relief according to the principles of equity.  (p. 192.)

2. If in such cause the absent defendant does not appear, the decree can be against the attached estate only; but if he appears to the suit by demurring to the bill or otherwise makes a general appearance to the suit, then there may be a personal decree against him or both a personal decree and a decree subjecting the attached estate. (p. 198.)

3. In a suit brought to recover a debt the bill avers that the defendant is justly indebted to the plaintiff in a specified sum "upon contract for merchandise furnished by the plaintiff to the defendant," while the evidence shows that the merchandise was furnished by the plaintiff and another as partners, and that before the suit was commenced the partner had retired from the firm and assigned all the assets of the firm, including the claim in suit, to the plaintiff. HELD:

The variance between the averment and the proof is not material. (p. 199.)

4. When a sole general partner is doing business under a firm name in which another person is interested as a special partner, and such sole general partner brings suit, in the firm-name, on a claim in which the special partner has no interest, it is unnecessary to make such special partner a party. (p. 200.)

*Martin & Woods* for appellant.

*M. H. Dent* for appellee.

SNYDER, JUDGE:

S. P. Wetherill, trading under the name of S. P. Wetherill & Co., on October 25, 1878, commenced his suit in equity in the circuit court of Taylor county against James McCloskey, Francis McCloskey and Wilfred B. Fetterman partners under the name of McCloskey Bros. & Co. The bill avers that the defendants, as partners, are justly indebted to the plaintiff in the sum of $1,807.94 with interest thereon from December 11, 1877, which is due and owing upon contract for merchandise furnished by the plaintiff to the defendants; that all of the defendants are non-residents of this State; that the defendant, W. B. Fetterman is the owner of certain real estate in the said county of Taylor, which is fully described in the bill and which the plaintiff asks may be attached and subjected to the payment of his said claim.

The plaintiff exhibited with his bill an itemized account of his claim; and on the day the suit was commenced he caused an attachment to be issued which was levied on the lands of

the defendant, Fetterman, mentioned in the bill.   An order of publication was duly executed against all the defendants.

At a term of said court held on March 4, 1879, the defendants appeared and demurred generally to the plaintiff's bill. This demurrer was subsequently overruled and leave given to the defendants to answer.   At a subsequent term the cause was referred to a commissioner with directions to him to report the real estate subject to the plaintiff's attachment with the liens thereon, &c.   The commissioner made his report which was completed October 14, 1881.   The commissioner reported the plaintiff's claim to be as stated in the bill, which with the interest thereon to November 4, 1881 aggregated $2,230.69.   He also reported said debt and two others in favor of G. L. B. Fetterman as liens on the said real estate and the priorities of said liens.   The defendant, Fetterman, made certain exceptions to said report, but the exceptions are without date and it does not appear when they were filed.

On August 1, 1883, the defendant, W. B. Fetterman, filed his answer, to which the plaintiff replied generally.   In his answer this defendant denies the allegation of the bill that the firm of McCloskey Bros. & Co. is indebted to the plaintiff under the name of S. P. Wetherill & Co. "in the sum of $1,806.94 upon account of merchandise furnished by said S. P. Wetherill & Co.," but he admits that said firm of McCloskey Bros. & Co., of which he was a member, had some dealings with a firm trading as S. P. & G. D. Wetherill, composed of said S. P. Wetherill and one G. D. Wetherill, and he does not deny that he was indebted to the said firm of S. P. & G. D. Wetherill in the sum alleged in the plaintiff's bill.

Subsequently the plaintiff filed depositions in the cause in support of his claim.

The cause was heard November 17, 1883, upon the bill, answer of the defendant, Fetterman, replication thereto, commissioner's report, exceptions thereto, depositions and argument of counsel; and thereupon the court reserved the exceptions to the report for future consideration, and being of opinion from the bill and answer, depositions and exhibits, that the plaintiff has a claim against the defendants,

McCloskey Bros. & Co., for $1,807.94 principal which, with the interest accrued thereon, aggregated the sum of · $2,621.51, adjudged, ordered and decreed that the plaintiff recover from the defendants said sum with interest from that date and his costs, and gave the plaintiff leave to sue out execution for said debt and costs. As to all other matters the cause was continued until the next term. From this decree the defendant, W. B. Fetterman, obtained this appeal.

Upon a full and careful examination of the record in the cause, I am utterly unable to find any ground which is even plausible for bringing or entertaining this appeal. The only grounds alleged by the appellant in his petition for the appeal are: *First.*—It was error to overrule the demurrer to the bill; *Second.*—It was error to render said decree or any other against appellant; *Third.*—It was error not to dismiss the bill on the hearing. There is plainly nothing in said first ground; and if the second is without merit then it is equally plain that there is nothing in the third. We shall therefore confine our attention to the second alleged ground of error as this seems to be the only one relied on by the counsel for the appellant in their brief filed in this Court.

According to the express provisions of our statute in force at the time this suit was commenced, a plaintiff could sue an absent defendant and attach his estate in a court of equity for a purely *legal* demand. Chap. 36 Acts 1871. And it is well settled law, that when a court of equity has taken jurisdiction properly in a cause against an absent defendant, it must proceed to give relief according to the principles of equity. If the absent defendant does not appear there can be a decree against the attached estate only; but if he does appear to the cause and defend it, by demurrer or otherwise, then there may be a personal decree against him, or there may be both, such personal decree and also a decree subjecting the attached estate. *O'Brien* v. *Stephens*, 11 Gratt. 610.

In this cause all the defendants appeared and demurred to the bill and the appellant also answered. It is clear, therefore, that the plaintiff was entitled to a personal decree against all the defendants, provided he sustained his claim by sufficient proof. Entirely disregarding the report of the commissioner, which sustained the justice of the plaintiff's

claim, the depositions filed by the plaintiff fully prove the his debt, and sustain the decree of the circuit court. The facts proved show that, prior to January, 1877, the plaintiff and one G. D. Wetherill, as partners, under the name of S. P. & G. D. Wetherill, were doing business as merchants, and that in 1876 the defendants, as McCloskey Bros. & Co., purchased from them the merchandise for which the recovery was had in this suit. On January 2, 1877, the said firm of S. P. & G. D. Wetherill was dissolved, and by written agreement all the merchandise and credits of said firm were assigned and transferred to the plaintiff, who thereafter conducted the business under the name of S. P. Wetherill & Co., he assuming all the debts and liabilities of the old firm. The appellant contends that these facts show a fatal departure from the allegations of the bill. He insists that they show the plaintiff did not furnish the merchandise, as the bill avers, but that S. P. & G. D. Wetherill furnished the same. The proof is clear that at the time this suit was commenced the plaintiff was the sole owner of the claim. This fact is sufficient to establish his bill. The allegation that the plaintiff furnished the merchandise is not an essential fact. The material fact alleged in the bill is that the plaintiff is the sole owner of the claim, and this is fully sustained by the evidence. If the averment that the plaintiff furnished the merchandise is wholly eliminated and disregarded, the plaintiff would still be entitled to recover according to the allegations of his bill. This cause, therefore, differs materially from that of *Doonan* v. *Glynn*, 26 W. Va. 225, and others of the same character.

It is further claimed that, because the bill charges that the plaintiff's claim is for merchandise while the account filed shows that a part of it is for notes of the defendants paid by the plaintiff, that this makes a fatal variance. If this account is taken in connection with the plaintiff's evidence it is apparent, that these notes were given by the defendants for goods and they failed to meet them when due and the plaintiff was obliged to take them up. So there is in fact no variance, but if the fact were otherwise the variance would not be material.

In his testimony the plaintiff says, that the firm of S. P.

Wetherill & Co., is composed of himself alone. On cross-examination he stated, that he had a special partner but that such partner had no interest whatever in the claim in this suit. It is suggested by appellant's counsel, that this is sufficient to prevent the plaintiff from suing alone. As a general rule, it is unnecessary to make special partners parties in any case any more than it is necessary to make the stockholders of a corporation parties. But as the special partner had no interest in the claim here, it was clearly unnecessary to make him a party to this suit.

Having considered all the objections of the appellant and finding no material error in the decree of the circuit court, the same is affirmed.

AFFIRMED.