# CHARLESTON.

### M. T. & J. N. ROBERTS v. HUNTINGTON DEVELOPMENT & GAS CO.

### Submitted January 27, 1920.   Decided February 3, 1920.

1. EQUITY—*Demurrer is Not Waived by Answering and Submitting Cause Without Setting for Argument.*

   Failure of a defendant to cause his demurrer to a bill to be set down for argument and formally disposed of, his filing an answer and submission of the cause upon the bill, answer and proof, do not work an abandonment or waiver of the demurrer, and he may rely upon it, on an appeal from a decree impliedly overruling it by an award of the relief sought by the bill.   (p. 489).

2. SAME—Demurrer *Though General Reaches all Defects and is Not Waived by Failure to Set for Argument.*

   In such case, his right is not varied nor limited by the fact that the demurrer is general in its terms, stating, as ground thereof, only insufficiency of the bill in law.   (p. 489).

3. APPEAL AND ERROR—*Bill Demurred to Cannot be Amended or Treated as Amended on Appeal.*

   Nor, to avoid the consequences of a demurrer well taken and so overruled, can the bill be amended in the appellate court or there treated as having been amended.   (p. 489).

4. CANCELLATION OF INSTRUMENTS—*Equity—Bill Must Show Defendant's claim of Title or Interest, and Not Doing So is Insufficient.*

   It is essential in a bill in equity, to state the claim of title or interest of the defendant in the subject matter of the bill, whether it be a claim of title to property, an obligation to the plaintiff or any other essential element of a cause of action against him and failure to do so constitutes a defect in the bill precluding right to relief thereon, in the absence of a waiver or an amendment curing it.   (p. 487).

5.  EQUITY—*Defective Bill is not Aided by Answer Where De-murrer is Filed, and Decree Thereon Will be Reversed.*

Though, in some instances, a defective bill may be aided by facts disclosed by an answer to it, if no demurrer thereto has been interposed, it is otherwise if the sufficiency of the bill has been challenged by a demurrer. In the latter case, a de-cree predicated on a fatally defective bill will be reversed, not-withstanding disclosure by an answer, of the essential facts omitted. (p 488).

6.  CANCELLATION OF INSTRUMENTS—*Defendant Named in Caption and Served, but Against Whom Cause of Action is Not Stated, Need Not Defend.*

To make a person a party to a bill in such manner as to require him to answer and make defense thereto, it must allege a cause of action against him, in the body thereof. Nam-ing him as a defendant in the caption of the bill and causing process to be served upon him do not suffice. (p. 488).

7.  EQUITY—*Statute Describing Form of Bill Does Not Dispense With Statement of Cause of Action.*

The relaxation of technical and formal requirements of a bill in equity, wrought by sec. 37 of ch. 125 of the Code, pre-scribing a statutory form of bill, does not excuse omission of a sufficient statement of a cause of action against the defendant, in the body or narrative part of the bill. (p. 488).

Appeal from Circuit Court, Putnam County.

Suit by  M. T. and J. N. Roberts against the Huntington Delevelopment & Gas Company.  Decree for plaintiffs, and de-fendant appeals.

*Reversed, demurrer sustained, and cause remanded, with direc-tions.*

*J. S. Clark, Henry A. McCarthy, Vinson, Thompson, Meek & Renshaw* and *Fitzpatrick, Campbell, Brown & Davis,* for appellant.

*Wilkinson & Wilkinson,* for appellees.

POFFENBARGER, JUDGE:

The decree in this cause stands upon a bill that does not allege any right, title, interest or claim thereof in its subject matter, on the part of the defendant. In the caption thereof, the defendant is named as such and service of process against it was accepted by its attorney in fact. It appeared and filed

a demurrer and an answer, the former of which was not expressly disposed of by any order of the court, but was impliedly overruled by the entry of a final decree in favor of the plaintiffs. On the bill and answer full proof was taken and the cause submitted as upon its merits. The demurrer was general in its terms, assigning no special grounds, and may not have been insisted upon in the court below, at any stage of the proceedings; but the implied disallowance thereof by the final decree is the ground of an assignment of error in the petition for the appeal and is now earnestly and seriously relied upon in argument.

The purpose of the bill was cancellation of a recorded instrument called a disclaimer and pertaining to the title to all of the minerals in two tracts of land in Putnam County, described therein as containing, respectively, 55 1-2 acres and 35 acres, but actually containing, as the bill alleges, 138 acres. These two tracts were once claimed and perhaps owned by one Dorothy D. S. Billups who, with her husband and family, resided upon them or one of them, for a number of years prior to February 24, 1906, on which date she conveyed them to one Geo. Sponaugle, from whom they passed mediately to the plaintiffs, M. T. & F. N. Roberts, subject to such right as the defendant may have in the minerals underlying them, if any, by virtue of the disclaimer assailed by the bill and therein treated as a mere cloud upon the title of the plaintiffs and so denominated.

That instrument bears date, May 22, 1891, and purports to be a disclaimer of title to the minerals in said two tracts of land, in favor of the plaintiffs in five actions of ejectment, then pending in the District Court of the United States for the District of West Virginia, for recovery of a large tract of land conveyed by Henry McFarlan and others, Trustees of the Guyandotte Land Company, to Gustavius A. Sacchi, which, it recites, embraced these two tracts of land then occupied by Chas. M. and Dorothy D. S. Billups, under a claim of title. The disclaimer seems to have been intended as a compromise giving the plaintiffs in the ejectment actions the minerals and leaving the surface to the Billupses who were only two of a great number of persons whose claims of title were brought into question by said actions. It was never filed in any of the actions, but it pur-

ports to have been acknowledged and was recorded and seems to be relied upon by the defendants, as an instrument of conveyance. Denying its efficacy as such, for several reasons, and also execution thereof by Dorothy D. S. Billups, and assailing her signature thereto and the certificate of acknowledgment, in so far as it affects her, on the ground of forgery, the bill prays cancellation thereof as aforesaid.

But nowhere does it positively or expressly allege that the defendant claims any title to the minerals or any interest therein. The only reference to the defendant, found in the body of the bill, reads as follows: "And that at the time of the recording of said paper writing and for a long time thereafter, there were no changes in the land charged to defendant or its predecessors in.title, as regards the lands claimed by it in said County; that no additional minerals were charged to defendant or its predecessors in title at the time said Disclaimer was recorded as aforesaid, nor for a long time thereafter upon said Land Books; and neither was there any deduction from the number of acres of land charged to the defendant's predecessor in title made at the time of said Disclaimer, nor for many years thereafter." This follows an allegation that the land mentioned in the disclaimer, has been taxed in its entirety and the taxes paid in the names of the plaintiffs and their predecessors in title, at all times since the formation of the county. In a preceding paragraph, it is charged that the plaintiffs in the ejectment suits had no title, at the date of the disclaimer, by reason of sale of the land as to them, for non-payment of taxes, in the name of a company under which they claimed. The allegation above quoted pertains only to the taxation of the minerals in question. It does not assert or affirm that the defendant claims title thereto under or from the persons in whose favor the disclaimer was executed, though it may proceed upon the assumption of such a claim or constitute the basis of an inference thereof.

Lack of interest in the subject matter of a suit at law or in equity, substantial or technical, on the part of any person, precludes right of action against him. He cannot be subjected to annoyance, trouble, expense and hazard, unless he is interested, obligated or liable in some way, and there is no presumption

that he sustains any such relation to the plaintiff or the subject matter. On the contrary, there is a presumption that he does not, which the plaintiff must overthrow by allegation and proof. Story Eq. Pl. sec. 262; *Norris* v. *Lemen,* 28 W. Va. 336; *White* v. *Kennedy's Adm'r.,* 23 W. Va. 221.

Other requisites are certainty, directness and positiveness of allegation of every fact essential to the relief sought by the bill, including the interest of the defendant in the subject matter. A mere recital or implication arising from terms used is not sufficient. *Zell Guano Co.* v. *Heatherly,* 38 W. Va. 409, 416; *Iron Company* v. *Quesenberry,* 50 W. Va. 451; *Universal L. Ins: Co.* v. *Devore,* 83 W. Va. 267; Story Eq. Pl. 239, 242. Manifestly, the allegation quoted, the only one in the bill, making any reference to the defendant, does not comply with these requirements. It does not directly, positively nor in words assert that the defendant claims any interest in the minerals or any other interests or right by virtue of the disclaimer.

Omission of the defendant's claim of interest is not excused by the service of process upon it and insertion of its name in the caption of the bill. *Preston* v. *West,* 55 W. Va. 391; *Chapman* v. *Railroad Co.,* 18 W. Va. 184; *McCoy* v. *Allen,* 16 W. Va. 724; *Shaffer* v. *Petty,* 30 W. Va. 248; *Bland* v. *Stewart,* 35 W. Va. 518; *Renick* v. *Ludington,* 20 W. Va. 511, 536; *Cook v. Dorsey,* 28 W. Va. 198; *McNutt* v. *Trogden,* 29 W. Va. 469; *Shinn* v. *Board of Education,* 39 W. Va. 497; *Moseley* v. *Cooke,* 7 Leigh 226.

Though this bill follows the form prescribed by sec. 37, ch. 125, Code, in respect of caption and prayer, it does not comply with one of its essential requirements. It does not "state all the facts constituting a claim to relief," or such a state of facts as make a good case for relief. Intent on the part of the Legislature to dispense with such a requirement in a bill is negatived by the direction in the form to insert it. This statute relieves from certain formal and technical requirements of general equity pleading, *Cook* v. *Dorsey,* cited, but it would be absurd to interpret it so as to relieve from duty to state a cause of action, in the face of a direction to insert it.

If no demurrer had been interposed, the insufficiency or defect in the bill might possibly be cured or aided by the facts

disclosed by the answer. *Salamone* v. *Kelley,* 80 Va. 86; *Green & Suttle* v. *Massie,* 21 Gratt. 356; *Ambler* v. *Warwick & Co.,* 1. Leigh 196; *Gravely* v. *Gravely,* 84 Va. 151.   In such case, the defendant waives the question of sufficiency of the bill, by his failure to demurr.   He treats the bill as sufficient and his conduct makes it so, if the case as disclosed by the bill, answer and proof is within the jurisdiction of the court.   But no authority in this state or Virginia authorizes dispensation with sufcient allegations in the bill, on the theory of aider by the answer, when a demurrer has been interposed.   There is a great array of authority to the contrary.   *Eib* v. *Martin,* 5 Leigh 132; *Pusey* v. *Gardner,* 21 W. Va. 469; *Curry* v. *Lawler,* 29 W. Va. 111; *Bierne* v. *Ray,* 37 W. Va. 571; *Bryant* v. *Groves,* 42 W. Va. 10; *Barr* v. *Clayton,* 29 W. Va. 256; Story Eq. Pl. 260, 271, 728.

The filing of an answer without having had the demurrer set down for argument and disposed of, is not an abandonment or waiver of the demurrer.   In some of the cases that have come to this court on questions of the sufficiency of the bills, the demurrers were only impliedly overruled by the decrees appealed from, and, yet, this court took cognizance of the questions raised by the demurrers so disposed of.   *Fluharty* v. *Mills,* 49 W. Va. 446; *Hinchman* v. *Ballard,* 7 W. Va. 152; *Craig* v. *Craig,* 54 W. Va. 183.   See also *Miller* v. *Miller,* 92 Va. 196; *Fugate* v. *Fugate,* 86 Va. 1045; *Smith* v. *Profitt,* 82 Va. 832.   The cases cited from other jurisdictions, in the brief filed for appellees, are not in accord with our practice.

Nor does .the fact that the demurrer was general in its terms, stating only insufficiency in law, as the ground thereof, affect the question in any way.   It is not necessary to assign any other ground in a demurrer to a pleading in equity, and upon a demurrer so worded, all defects in the pleading to which it is interposed may be relied upon.   *Depue* v. *Miller,* 65 W. Va. 120, 125; *Cook* v. *Dorsey,* 38 W. Va., 196; *Hays* v. *Heatherly,.* 36 W. Va. 613, 619.

To say the bill can be amended in this court or treated as having been amended would be inconsistent with all of the numerous authorities hereinbefore cited.   In every instance in which the appellate court has found the demurrer to have been well taken, but overruled by the trial court, whether in express terms

or by mere necessary implication, the decree has been reversed and the cause remanded with leave to amend in the court below. *Long* v. *Pocahontas Con. Coal Co.,* 83 W. Va., 380, 98 S. E. 289, does not sustain the position taken by counsel for the appellees. In that case, the amendment was tendered in the court below. Besides, no amendment was necessary, no motion to exclude the evidence having been made on the ground of a variance, and variance being the ground of a motion to set aside the verdict. Whatever its value as to right of amendment may be in cases of its class, it is clearly inapplicable here, no offer to amend this bill having been made in the court below, and the question here not being one of variance, but sufficiency of the bill taken in its entirety.

Upon the principles and conclusions stated, the decree will be reversed, the demurrer to the bill sustained and the cause remanded with direction to the court below to permit the plaintiffs to amend the bill, if they desire to do so.

*Reversed; demurrer sustained, and cause remanded with directions.*