## SUPREME COURT — NASSAU COUNTY.

### May, 1923.

## THE PEOPLE v. 70 BAGS OF WHISKEY, 34 KEGS OF RUM, 24 CASES OF GIN, AND LOUIS BIDAL.

INTOXICATING LIQUORS—SEARCH AND SEIZURE—WHEN APPLICATION FOR RETURN OF LIQUOR DENIED.

Where upon an application for the return of liquor seized without a warrant and now in possession of the sheriff, the one claiming to be the owner offers no proof of legal authority to the possession of the liquor and the officer who made the seizure has made no return as provided by section 802(b) of the Code of Criminal Procedure and no proceedings have been begun by the state for the forfeiture of the liquor, the application must be denied.

APPLICATION for the return of liquor.

*Otto A. Gillig,* for claimant, for motion.

*Charles R. Weeks, District Attorney (Charles I. Wood, Assistant District Attorney),* in opposition.

MacCRATE, J.:

This is an application for the return of certain liquor now in the possession of the sheriff of Nassau county, of which Louis Bidal claims to be the owner. The liquor was seized without a warrant, and the officer making the seizure made no return as provided by section 802 of the Code of Criminal Procedure; neither has the State begun proceedings for the forfeiture of the liquor.

The applicant relies on the case of People v. Diamond (72 App. Div. 281) for the procedure he has followed. In that case, however, a proceeding had been instituted by the State for forfeiture, and the court held that the application for the

26

return of the liquor should be considered as a motion in the proceeding. Moreover, in that case a return had been made by the officer making the seizure.

No reasonable interpretation of the language of section 802b permits the conclusion that the proceeding therein provided for can be instituted by anyone other than the State. Notwithstanding the subject-matter covered by the section, courts cannot add to or detract from its provisions. Courts are extremely cautious in assuming that the Legislature is unable to express its intent. The Court of Appeals in the Diamond Case ascertained the expressed legislative intent when a warrant had been issued, and held that that intent should govern when no warrant was present. The very first part of the opinion of the Court of Appeals specifies the purpose of its decision. It certainly was never intended by that decision to hold that an application for the return of liquor seized with or without warrant and with or without return by the seizing officer was the same as a proceeding by the State for forfeiture.

Notwithstanding that this proceeding is not one under section 802b of the Code of Criminal Procedure, because of the statement of the Court of Appeals that the Legislature intended a speedy determination as to the rights in the liquor, we have assumed that the sheriff of the county is an officer of the court subject to its order, and have permitted the proceeding to stand so that the applicant, without waiting for a replevin suit to be tried, could establish his right to this particular property. Therefore, a date was set to take proof of claimant's right to possession. The attorney for the applicant contended that the court could not go into the subject and refused to give any proof.

The language of section 802b clearly manifests a legislative intent that liquor shall not be returned unless the testimony produced " shall fail to establish that the liquor so seized was kept in violation of article one hundred and thirteen of the penal law." Here no proof is offered, and that in spite of the

allegations of the affidavit by the seizing officer as to what occurred and was said by another than claimant at the time the seizure was made and the difference between the claimant's description and the officer's description of the place the goods were taken from. In his moving papers claimant states that the goods in question were taken from his private residence. He states that the present sheriff gave him a statement that the goods were taken from a cottage. But that statement shows that the sheriff was not the seizing officer, and relies only on information. The man who made the seizure, however, describes the place as a " fishing shack " with a sign on it " Yorkville Fishing Club " and as a " little shanty building on the dock." If this court is to make an order directing the return of the goods to the place from which they were taken, surely it ought to know whether that place is a private residence or a fishing club. Many good people are compelled to live in shanties, but they seldom have such valuable accessories as those claimed to have been in this one, for counsel for the claimant, in open court, said that what the sheriff had on hand was but a small part of what was taken.

In the Diamond Case a permit was established. Here none is claimed to have been issued. The practical effect of an order directing the return of these goods would be that the claimant would have a permit from a State court to hold liquor, for every officer of the State would so construe the order. Certainly, if that effect is to be given to the order, the least the court can expect is proof equivalent to that required by the duly constituted officials having power to issue permits. Until the Legislature so directs, it does not seem that this court should order the sheriff to deliver liquor to one who makes no proof of legal authority to possession thereof, and who would hold it in violation of State and federal statutes.

Motion denied.

Ordered accordingly.