STATE OF WEST VIRGINIA *v.* EDGILL BONHAM *et al.*

(No. 8563)

Submitted September 21, 1937. Decided October 12, 1937.

*J. Raymond Gordon,* for plaintiff in error.
*Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

FOX, JUDGE:

On August 15, 1936, on a complaint made by one J. R. Hamrick, a warrant was issued by H. G. Thayer, a justice

of the peace, and delivered to members of the Department of Public Safety, authorizing the search of premises at 159 Spring Street in the City of Charleston then occupied by Edgill Bonham and others. As shown by the officer's return, the premises described in the warrant were searched, and a large amount of liquor found. The state has proceeded to declare a forfeiture of the liquor so found, under the provisions of Section 21, Article 6, Chapter 4, Acts 1935. The petitioner, Charles Ballard Sheppard, asks that this liquor, or a substantial part thereof, be returned to him. He bases his claim on the ground that the seizure of the liquor which he asks to be returned to him was illegal, in that the said liquor was found in an apartment held by him under lease at 157 Spring Street, and that the warrant under which the police authorities acted did not authorize the search of that apartment. As stated above, the return on the warrant refutes this allegation. He filed two petitions, in neither of which did he allege either his ownership of the liquor in question, or the legal right to its possession. He elects to rely solely on the alleged illegal search of the premises where he contends the liquor was found. In the face of the provisions of the statute under which this forfeiture proceeding is being prosecuted, and which provides that at any hearing "a person claiming any interest in an article seized may appear and file a written claim setting forth particularly the character and extent of his interest", he studiously avoids any claim to the ownership of the liquor in question, except that in the prayer of the original petition, he asks that an order be entered "directing the said state police to return and place said liquor in the premises aforesaid, and to give the custody of the same to its legal owner, Charles Ballard Sheppard". When the proceeding was certified to the circuit court, as the statute referred to provides should be done, a demurrer was interposed by the state to the original and amended petitions of Sheppard. The demurrer was sustained, and petitioner not desiring to amend, prosecutes this writ of error.

The state's demurrer rests upon the following proposi-

tions: (1) The proceeding being equitable in its nature, the petitioner does not come into court with clean hands; (2) the ownership or legal right of the petitioner to the liquor in question is not alleged; (3) that it plainly appears that said liquor was acquired contrary to law; and (4) that it is not alleged that said liquor was acquired lawfully.

While this is a statutory proceeding, the petitions will have to be considered as analogous to a petition in equity, in that there are allegations of rights and a prayer for relief. In equity a bill or petition must set up the grounds upon which the prayer for relief is based. "The relief under the prayer for general relief can only be such as the facts stated warrant." *Vance Shoe Co.* v. *Haught,* 41 W. Va. 275, 23 S. E. 553.

> "Under a prayer for general relief you can get relief not specifically asked for, provided the facts alleged in the bill and the nature of the case warrant it, not otherwise."

*Waldron* v. *Harvey,* 54 W. Va. 608-14, 46 S. E. 603, 102 Am. St. Rep. 959; 1 Carlin's Ed. Hogg's Equity Pro., Section 105.

> "The prayer for relief does not determine the sufficiency of the plaintiff's pleading, nor can it have the effect of enlarging the stating part of the complaint or petition, nor aid in making out a cause otherwise defectively stated."

16 Enc. Pleading and Prac., 779. The requirement that a case must be made by allegations in the body of a bill is considered of such importance that one named in the caption and prayer of a bill against whom nothing is alleged has been held not to be a party to the cause. *Chapman* v. *Pittsburgh & S. R. Co.,* 18 W. Va. 184; *Oneal* v. *Stimson,* 61 W. Va. 551, 56 S. E. 889; *Roberts* v. *Huntington Dev. & Gas Co.,* 85 W. Va. 484, 102 S. E. 93. The case must be made out by the allegations in the body of the bill or petition. The prayer only serves the purpose

of asking for the relief which the matters averred warrant, and can serve no other purpose. "The prayer of the complaint is no part of the complaint." *Williams* v. *Workman,* 113 S. C. 487, 101 S. E. 833. See also *Bushnell* v. *Avery,* 121 Mass. 148.

This case being heard on demurrer, and in the absence of any proper petition stating with particularity the claimant's right to the property in question or any proof as to the petitioner's connection with the acquisition and possession of the liquor in question, it cannot be said that the petitioner has come into court with soiled hands, or that the liquor was acquired unlawfully or possession thereof sought for an unlawful purpose. On the other hand, ownership of, or an interest in, said property on the part of the petitioner must appear. He will not be heard to complain of the illegal seizure, if it should hereafter appear that there has been such seizure, so far as the property seized is concerned, unless some right possessed by him with respect to said property has been violated, and he must allege such violation. There is abundant authority for this position. 33 Corpus Juris, 690, Section 397; 56 Corpus Juris, 1252, Section 186; Blakemore on Prohibition, 349, Section 95; *U. S.* v. *Rykowski,* 267 Fed. 866; *Chicco* v. *U. S.,* 284 Fed. 434; *U. S.* v. *Kaplan,* 286 Fed. 963; *U. S.* v. *Maggio,* 51 Fed. (2d) 397. The cases cited arose under the Volstead Act but no important distinction exists between that statute and the statute under which this proceeding was instituted. In *People* v. *70 Bags of Whiskey,* 120 Misc. 843, 200 N. Y. Supp. 743, return of property was denied where the claimant offered no proof of legal authority to possess liquor. In *State* v. *Andrews,* 91 W. Va. 720, 114 S. E. 257, it was held that in case of an unlawful seizure property should be returned to the person from whom it was taken if it be such as he was lawfully entitled to possess. This was a case where the possession of moonshine liquor was involved, and its possession was prohibited under any circumstances. The cases cited by petitioner do not sustain his contention of right to possession of the property. For the most part, they bear upon the contention that he does

not have to show that the property is such as he has a lawful right to possess, or on the contention, not disputed, that evidence obtained by an illegal search cannot be used by the state. In *Youman* v. *Commonwealth,* 189 Ky. 152, 224 S. W. 860, 13 A. L. R. 1303, the property was returned to the defendant's wife "to whom it apparently belonged." In *Faulk* v. *State,* 127 Miss. 894, 90 So. 481, a question of the introduction of evidence was involved. *Keefe* v. *Clark,* 287 Fed. 372, was a case involving the legality of the "owner's" possession; and *U. S.* v. *Descy,* 284 Fed. 724, was a case where liquor had been taken from a private dwelling, and presumably no question of ownership was involved. In no case to which we have been cited, or which diligent search has disclosed, have we found any intimation that property, even where the possession is the result of an admitted illegal seizure, shall be returned to any person other than one who is the owner thereof or has some character of interest therein. Our statute requires this interest to be set up in writing and with particularity, and there is nothing in this case which develops any reason why the petitioner shall not meet its plain requirements.

The order of the circuit court sustaining the demurrer to the petitions is affirmed, and the case remanded.

*Affirmed; remanded.*