# CHARLESTOWN.

NORRIS *et. al. v.* LEMEN, ADM'R, *et al.*

Submitted September 4, 1886.—Decided September 18, 1886.

1. A bill in chancery should by proper allegations show on its face, that the proper parties are made to the suit; and when the plaintiffs claim as *heirs* of others, who claimed to be devisees under

a will, the bill should show what relation each plaintiff bore to said ancestors respectively.  (p. 339.)

2. Where the court below sustains a demurrer to a defective bill and sufficient appears in the bill to show, that it can be amended so as to show a cause for relief in equity, and the court did not give leave to amend, for this reason the decree will be reversed with costs to the appellants, and the cause will be remanded with leave to amend the bill.  (p. 340.)

*Flick & Westenhaver* for plaintiffs in error.

*G. M. Beltzhoover* for defendants in error.

Johnson, President:

This is a suit in equity brought in 1884 in the circuit court of Jefferson county to construe the will of Lucy Baylor, deceased, made in 1833, and to have distribution of certain property in said will left to the alleged ancestors of the plaintiffs.  The two clauses of the said will, under which such property is claimed are the fifth and sixth.  The fifth clause is as follows:  "My house and lot in Shepherdstown, together with my furniture, and the residue of my property of every description, for the joint use of my three daughters aforesaid during their natural lives, and upon the death of either, to the survivors or survivor; and upon the death of all to the use of any children they may leave then living." The sixth clause is as follows:  "Should all my daughters die without children, then it is my wish and desire that all my slaves and their increase shall be free, and my executor is directed to sell my house and lot and furniture and divide the proceeds equally among said slaves.   But nothing herein contained is intended to put any restraint upon the sale of such slaves as may prove troublesome and disobedient to my daughters or their children; on the contrary, should any of them prove unmanageable, or refractory, my executor is hereby expressly authorized, and directed upon the request of the legatee or legatees for whose use they are intended, to sell such slave, or slaves, and to invest the proceeds in such property as the person or persons at whose instance the sale is made shall direct, to be held for the like uses and purposes as the slave or slaves were held."  In former clauses

of the will the said slaves are named and disposed of among her three daughters.

The bill alleges the making of the will and the death of the testator; also that plaintiffs do not know, whether David Morgan, named in the will as executor, ever qualified, but alleges that he died long ago, and that Willoughby Lemen has qualified as administrator with the will annexed. The bill then stated the contents of the will and the effect thereof, as the plaintiffs think, as to them. It then alleges, that the said three daughters M. T. McFarland, Mary W. Baylor and Frances L. Baylor all died without issue, the last named having long survived her sister and died within the last four years; that the said Frances was at the time of her death in possession of the house and a part of the lot named in the will; that a portion of said lot was a short time before her death by her conveyed to Ehud Turner, Charles Huyett and David Hill, trustees of the Presbyterian church at Shephardstown, for the use of said church. The bill further alleges, that the "plaintiffs were the sole surviving heirs-at-law of the slaves named in said will, to whom said real estate and household furniture were devised upon the happening of the contingency: viz: the death of the three daughters of Lucy Baylor without issue; that said contingency has happened, and that said plaintiffs are entitled to have said real estate sold and the proceeds divided amongst them in the manner directed by said will." The bill alleges there is no personal estate remaining; that the administrator of the estate of Lucy Baylor refuses to execute the trust created by said will; that there were no debts of said estate. The prayer of the bill is that said real estate be sold and the proceeds be distributed among the plaintiffs, as the said will directs, including the part of the lot conveyed to the trustees of the Presbyterian church, &c.

The plaintiffs named in the bill are Jordan Norris and Louisa Norris his wife, Maria Anderson, George Washington, William Jefferson and Lucy Woods without stating more; and the defendants are Willoughby N. Lemen administrator *c. t. a.* of Lucy Baylor, deceased, Lucy Linn, W. L. Wilson, George Baylor, J. G. Baylor, H. B. Baylor, C. E. Baylor, Julia M. Shirley, R. V. Shirley, Margaret S. Ais-

quith, Charles Aisquith and the unknown heirs of Lucy
Baylor, deceased, Ehud Turner, Charles Huyett and Daniel
Hill, trustees of the Presbyterian church of Shepherdstown.

It is a fundamental principle in chancery pleading, that
proper parties must by the bill appear to be before the court,
before any decree can be rendered in the suit. The bill must
set forth such facts, as will show, that the parties made
thereto are those and only those entitled to the relief prayed.
In *White, Administrator* v. *Kennedy's Administrator*, 23 W.
Va. 221, we said, that in that case we were unable to deter-
mine from the allegations of the bill or from anything in the
record, whether the defendants in the bill are heirs of the
decedent or his creditors; and if any or all of them were
his heirs, it was impossible to determine, whether they were
his children or the decendants of his children, or whether they
were his collateral kindred. For the error, that no decree
could be based on such a bill, the decree was reversed with
costs, and the plaintiff was given leave to amend his bill.

In the bill in this cause it does not appear what relation
the plaintiffs bear to the slaves named in the will. It is said
they are, "the sole surviving heirs of the slaves named in the
will." The bill should have stated of what slaves named in
the will they respectively were children, or grand-children.
It may be some of said slaves were sold under the provisions
of the will. If so, that fact ought to have been stated. It
should have been particularly stated, what relation each of
the plaintiffs bore to the slaves named in the will. If the
court should be of opinion, that the heirs of the said slaves
were entitled to have the house and lot sold and the proceeds
divided among them, it would be impossible to know from
the bill, what proportion should be paid to each of the plain-
tiffs. The bill should not state mere conclusions of law but
facts, from which the Court can draw the proper legal con-
clusions. The bill should also show on its face, who are
proper defendants thereto; and that each defendant named
is properly made a defendant. This bill does not show this
except as to the " unknown heirs of Lucy Baylor, deceased,"
and the administrator Lemen and the trustees of the Presby-
terian church. It no where appears, what possible interest
Lucy Linn, W. L. Wilson, George Baylor, T. G. Baylor, H.

B. Baylor, C. E. Baylor, Julia M. Shirley, R. V. Shirley, Margaret S. Aisquith and Charles Aisquith have in the suit.

For these reasons the court did not err in sustaining the demurrer to the bill; but it appearing that a proper bill might be framed, it was the duty of the court to have permitted the defendants to amend their bill. (*Lamb* v. *Cecil* 25 W. Va. 288; *White* v. *Kennedy*, 23 W. Va. 227). It is improper under these circumstances to say anything about the construction of the will of Lucy Baylor.

The decree is reversed with costs, and the cause remanded with leave to the plaintiffs to amend their bill.

REVERSED.   REMANDED.