J. M. SWAN, *Receiver, etc. v.* CHARLES E. MUMFORD *et al.*

(No. 8269)

Submitted January 8, 1936. Decided January 21, 1936.

*A. Blake Billingslea* and *John W. Mason,* for appellants.
*Victor H. Shaw,* for appellee.

WOODS, JUDGE:

J. M. Swan, as receiver of The Union National Bank of Fairmont, a substantial creditor of Charles E. Mumford, by this suit, attacks a certain conveyance, bearing date August 15, 1931, as voluntary and made to hinder, delay and defraud creditors, particularly plaintiff. Charles E. Mumford and L. Florence Mumford, his wife, grantors,

and Edward E. Stuller, grantee, respectively, complain of the chancellor's action in setting aside said conveyance, as fraudulent, in so far as plaintiff's claims were concerned.

There is evidence in the record that Stuller, a brother-in-law of Mumford, knowing the latter to be financially embarrassed, accepted the deed to the property (valued at $1,000) in satisfaction of an alleged $2,000 indebtedness, upon which neither principal nor interest had been paid. This indebtedness, sought to be set up as constituting a valuable consideration for the transfer, is based upon a check bearing date January 25, 1927, signed by Stuller, as maker, payable to W. S. Mumford, and bearing endorsements on the back of "W. S. Mumford" and "Charles E. Mumford"; and a demand note signed by Charles E. Mumford, as maker, bearing date January 27, 1927, payable to the Taneytown Savings Bank, in the sum of $2,000, and bearing notation: "Witness: Collateral—Security—on this note Camp, Real Estate Located on Tygart Valley River Near Colfax, Marion County, W. Va." Charles E. Mumford says that W. S. Mumford delivered check, properly endorsed, to him at time of execution of note, and that he, Charles, took the check to the bank, and got the money, which he had credited to W. S. Mumford's account. W. S. Mumford was not called as a witness.

At the time of the transfer involved in this cause, Mumford was possessed of three other parcels of real estate, each incumbered by separate deeds of trust of several years standing. And, although the foregoing incumbrances approximated $60,000, the property when sold in the creditors' suit instituted in October, 1932, brought but $29,550. According to the record, Mumford and wife were indebted to the Union National Bank during September and October, 1930, to the extent of $13,500.00, a portion of which sum was secured by deed of trust on one of the aforementioned parcels of real estate, and the remainder by personal endorsements. It further appears that all of Mumford's real estate, including that involved in the instant case, had in 1929 and 1930 been returned

delinquent for non-payment of taxes, and sold to the state; that insurance had been permitted to lapse on certain improvements on the properties aforesaid; and further, that Mumford, who had formerly been engaged in the plumbing business in Fairmont, was "execution proof" prior to the institution of the creditors' suit. Defendant's insolvency is further supported by the fact that the plaintiff, immediately after receiving notification, on September 4, 1931, from a local credit agency of the transfer involved in this suit, made protest to Mumford. The receiver, as well as the attorney for him, testify that Stuller agreed in the presence of Mumford to re-convey to the latter. This, however, is denied after a fashion by Stuller; Mumford does not remember.

While dealings between brothers-in-law may not be presumably fraudulent, yet, as indicated in *North American Coal, etc., Co.* v. *O'Neal*, 82 W. Va. 186, 95 S. E. 822, such relationship when fraud is charged, calls upon the court for careful and close scrutiny of the transactions and conduct of the evidence offered by such persons. And where they have it within their power, as here, to clarify the matter, and do not, the same constitutes a badge of fraud.

In view of the apparent insolvency of Mumford, and the failure of defendants to establish the *bona fides* of the 1927 transaction by satisfactory proof, we are of opinion that the finding of the chancellor must be upheld. *Linger* v. *Watson*, 108 W. Va. 180, 150 S. E. 525.

Perceiving no error in the decree, the same is accordingly affirmed.

*Affirmed.*