Gaymont Fuel Company, *et al.*

*v.*

Samuel Price, *Admr., et al.*

(No. 10559)

Submitted September 15, 1953. Decided December 8, 1953.

*Carl C. Sanders, Ned H. Ragland,* for appellants.

*Brooks B. Callaghan, Wolverton & Callaghan,* for appellees.

HAYMOND, PRESIDENT:

This suit in equity was instituted in the Circuit Court of Nicholas County in 1950 by the plaintiffs Gaymont Fuel Company, a corporation, Farmers and Merchants Bank of Summersville, a corporation, W. P. Kincaid and Ralph T. Kincaid, Trustee, to enjoin the defendants, Samuel Price, Administrator of Susan K. Laing, deceased, and trustee under a declaration of trust of Susan K. Laing, D. D. Ashworth, Special Commissioner of the Circuit Court of Greenbrier County, and Susanna Laing Speas, from selling or otherwise creating a cloud upon the title of the plaintiff Gaymont Fuel Company to certain real estate located in Nicholas County; to annul a decree of the Circuit Court of Greenbrier County insofar as it assumes jurisdiction of the plaintiffs and the title to real estate of the plaintiff Gaymont Fuel Company in Nicholas County and insofar as it declares two judgments, one in favor of the defendant Price, Administra-

tor of Susan K. Laing, deceased, against John B. Laing, dated January 6, 1940, docketed in the office of the Clerk of the County Court of Nicholas County, September 22, 1949, for $38,887.43 with interest from its date, and the other in favor of the defendant Speas against Margaret Nelson Laing, Administratrix of John B. Laing, deceased, dated May 9, 1949, docketed in the office of the Clerk of the County Court of Nicholas County, September 6, 1949, for $39,786.65, with interest from its date and costs, to be liens against such real estate; and to obtain a decree declaring the plaintiff Gaymont Fuel Company to be the owner of such real estate free of any cloud upon its title and free of any lien of the foregoing two judgments.

The defendants filed a demurrer and an amended demurrer to the bill of complaint. These demurrers were overruled by decree entered August 30, 1951, and the defendants filed an answer and cross-bill consisting of a single pleading, denying the allegations of the bill of complaint, impleading the plaintiffs and other designated parties as defendants to the cross-bill, charging fraud against the plaintiffs and some of the new parties defendant, and praying for affirmative relief against the plaintiffs and some of the new defendants on that ground. The demurrer and the motion of the plaintiffs to strike the allegations of the answer and cross-bill were sustained as to the cross-bill by decree entered December 17, 1951, and leave was given the defendants to file an amended and supplemental answer and cross-bill. To the amended and supplemental answer and cross-bill, also consisting of a single pleading, and also denying the allegations of the bill of complaint, impleading the plaintiffs and other designated persons as defendants to such cross-bill, charging fraud against the plaintiffs and some of the new parties defendant, and praying for affirmative relief against the plaintiff and some of the new defendants on that ground, the plaintiffs also filed a demurrer and a motion to strike the allegations of that pleading. By decree entered March 28, 1952, the circuit court sustained the demurrer and the motion to strike the allegations of

the amended and supplemental answer and cross-bill, and, the defendants declining to amend, the court dismissed the cross-bill and the amended and supplemental cross-bill, dismissed from the suit the new parties to each cross-bill, awarded costs in their favor against the defendants, and, upon the bill of complaint and the answer and the amended and supplemental answer, set the cause for hearing at the next regular term of court.

No replication was filed by the plaintiffs to the answer and cross-bill or the amended and supplemental answer and cross-bill of the defendants.

The circuit court overruled motions of the defendants to require the plaintiff Gaymont Fuel Company and its statutory attorney and its president to produce books and records described in a previously issued subpoena duces tecum and to continue the cause until the plaintiff Gaymont Fuel Company answered such subpoena, and, having heard the case upon the bill of complaint, the answer and the amended and supplemental answer, and the evidence introduced by the respective parties, by decree entered August 19, 1952, granted the plaintiffs the relief prayed for in the bill of complaint and awarded costs against the defendants. Upon the second application of the defendants this Court granted this appeal.

The bill of complaint alleges in substance these material facts. The plaintiff Gaymont Fuel Company claims as owner an undivided 26.142 interest in and to all the coal, oil, gas and other minerals, mineral rights and rents and royalties in two combined blocks of real estate containing 2548.94 acres, more or less, in Nicholas County, by virtue of a deed from the plaintiff Ralph T. Kincaid, Trustee, to it dated December 7, 1945, recorded January 3, 1946, in the office of the Clerk of the County Court of Nicholas County, and two deeds of trust, one executed by John B. Laing and Margaret Nelson Laing, his wife, to Ralph T. Kincaid, Trustee, dated September 8, 1932, recorded September 14, 1932, and the other, a supplemental deed of trust, by Laing and his wife to the same trustee,

dated November 18, 1944, and recorded January 17, 1945. The plaintiffs Farmers and Merchants Bank of Summersville and W. P. Kincaid, as beneficiaries, joined in the supplemental deed of trust and, under that instrument, the trustee, upon foreclosure after notice duly published, sold and conveyed the real estate to the plaintiff Gaymont Fuel Company by deed dated December 7, 1945, and recorded January 3, 1946. By deed of trust dated December 7, 1945, recorded January 3, 1946, the plaintiff Gaymont Fuel Company conveyed the same real estate to the plaintiff Ralph T. Kincaid, Trustee, to secure the payment of two negotiable notes of the company, bearing the same date as the deed of trust, due February 4, 1946, with interest, and any renewals of such notes. One of these notes was payable to the plaintiff Farmers and Merchants Bank of Summersville for $4200.00 and the other was payable to the plaintiff W. P. Kincaid for $3100.00. The last renewals of these notes in the same amounts are dated July 13, 1950, and are unpaid, and the holder of each claims a deed of trust lien upon the real estate to secure its payment. These renewal notes include the debts represented by the two notes described in the first deed of trust made by Laing and wife to Kincaid, Trustee, dated December 8, 1932, subject to a credit on an original $4600.00 note held by the bank, and the $3100.00 note held by W. P. Kincaid includes additional indebtedness of the Gaymont Fuel Company to him; and both notes include purchase money for the real estate sold to the company by the trustee at the sale under the supplemental deed of trust. Before that sale the plaintiffs, Gaymont Fuel Company and the holders of the notes, agreed that the bid would be made for the company but that it would protect the holders of the notes if the purchase price was not sufficient to pay them and that it would assume the obligations and secure them by a deed of trust upon the real estate.

In 1950, the defendant, Samual Price, Administrator of Susan K. Laing, deceased, and as trustee of a declaration of trust made by her in 1922, in behalf of himself

and all other creditors of John B. Laing, deceased, instituted a suit in equity in the Circuit Court of Greenbrier County against the widow and the heirs at law of John B. Laing to determine the claims and the liens against his estate, their amounts and priorities, and to subject his real estate to the payment of such claims and liens. Among the claims filed in that suit were the judgments in favor of the administrator against John B. Laing for $38,887.43 and the judgment in favor of Susanna Laing Speas against Margaret Nelson Laing, Administratrix of John B. Laing, deceased, for $39,786.65. The Circuit Court of Greenbrier County, by decree entered August 11, 1950, held that the 26.142 undivided interest in the two combined blocks of real estate containing 2548.94 acres, more or less, in Nicholas County, and other real estate in Greenbrier and Raleigh Counties, were the property of John B. Laing and subject to the payment of the foregoing two judgments as first and second liens against such real estate, and appointed the defendant D. D. Ashworth a special commissioner to advertise and sell the real estate in Nicholas County, and he caused the publication of a notice of sale to be held on November 3, 1950.

The bill of complaint also alleges that the plaintiff Gaymont Fuel Company prior to and since the institution of the suit in the Circuit Court of Greenbrier County has been the sole owner of the undivided 26.142 interest in the two combined blocks of real estate of 2548.94 acres, more or less, in Nicholas County, free of the lien of the foregoing two judgments; that the plaintiffs Farmers and Merchants Bank of Summersville and W. P. Kincaid have been the beneficial owners of valid and subsisting deed of trust liens against that real estate since 1932 and since long prior to the rendition of such judgments; that the plaintiff Ralph T. Kincaid, Trustee, has held legal title to the real estate under the foregoing deeds of trust since 1932 and since long prior to the rendition of such judgments; that none of the plaintiffs was made a party to the suit in the Circuit Court of Greenbrier Coun-

ty; that the plaintiffs will be irreparably damaged unless their title to their real estate is protected in this suit; and that a sale by the special commissioner would constitute a cloud upon their title to such real estate. The prayer of the bill of complaint is for the particular relief previously indicated and for general relief.

The answer and cross-bill filed by the defendants, contains eleven separate paragraphs, numbered I to XI, in addition to the caption, the reservation of exceptions, and the prayer for affirmative relief against the plaintiffs and the other persons named as defendants in that pleading. The additional defendants so impleaded are Margaret Nelson Laing, widow of John B. Laing, Charles W. Dorsey, husband of Martha Spence Dorsey, a deceased daughter of John B. Laing, Charles Laing Dorsey and Margaret Nelson Dorsey, infant heirs of Martha Spence Dorsey, and James Laing, a son of John B. Laing, who are alleged to be all the heirs at law of John B. Laing.

Paragraph I of the answer and cross-bill denies each allegation of the bill of complaint which is inconsistent with the relief prayed for in the cross-bill.

Paragraph II charges, on information and belief, that the deed by Kincaid, Trustee, to Gaymont Fuel Company, dated December 7, 1945, and another deed made by the County Clerk of Nicholas County to Gaymont Fuel Company, for nine tracts of land, are null and void because they were without valuable consideration and were made with intent to hinder, delay and defraud the creditors of the estate of John B. Laing; that Gaymont Fuel Company knew of the indebtedness of the estate of John B. Laing and received the foregoing deeds "with the purpose and knowledge of the perpetration of such fraud"; that John B. Laing died intestate on August 11, 1945; that at the time of his death he was indebted to the estate of Susan K. Laing in the sum of $38,887.43 with interest from January 6, 1940, represented by a judgment against him dated January 6, 1940, in that amount; and that no part of that judgment has been paid.

Paragraphs III to XI, inclusive, charge in substance, that at the date of the death of John B. Laing, his widow Margaret Nelson Laing resided at Lewisburg, Greenbrier County; that she was appointed administratrix of his estate on September 6, 1945, when she was also president of Gaymont Fuel Company and a large stockholder in it; that she and the members of her family owned or controlled that corporation; that the plaintiffs and Margaret Nelson Laing knew of the indebtedness of John B. Laing at the time of his death; that in order to hinder, delay and defraud the creditors of his estate, and in particular the estate of Susan K. Laing and Susanna Laing Speas, the plaintiffs fraudulently aided and abetted Margaret Nelson Laing in foreclosing "the deed of trust described in the pleadings and exhibits in this cause", and caused Kincaid, Trustee, to make sale of the real estate on December 7, 1945, to the purchaser, Gaymont Fuel Company, for the wholly inadequate sum of $500; that the notes secured by the deed of trust were the primary obligations of Gaymont Fuel Company; that by the foreclosure of the deed of trust the real estate owned by John B. Laing at the time of his death was wrongfully taken from his estate and acquired by Gaymont Fuel Company, which was primarily liable for the indebtedness represented by the notes, without any consideration, and with the intent to hinder, delay and defraud the creditors of the estate of John B. Laing; that no attempt was made by Farmers and Merchants Bank of Summersville or W. P. Kincaid to collect the notes from Gaymont Fuel Company or the personal estate of John B. Laing for the reason that they, Kincaid, Trustee, Gaymont Fuel Company, through its president, Margaret Nelson Laing, and Margaret Nelson Laing, as administratrix of John B. Laing, "jointly schemed and connived together wrongfully to appropriate and convert the real estate of John B. Laing to the said Gaymont Fuel Company with intent to hinder and delay and defraud the creditors of the estate of John B. Laing"; that Margaret Nelson Laing, about the year 1949, sold her home and other properties

at Lewisburg and moved to Roanoke, Virginia, where she now resides; that the heirs at law of John B. Laing, are also residents of Virginia; that all the officers of Gaymont Fuel Company reside outside this State; that W. P. Kincaid, individually or as an officer of the Farmers and Merchants Bank of Summersville, by virtue of some arrangement or agreement "to look after the affairs of" Margaret Nelson Laing and Gaymont Fuel Company, has access to the corporate records and other papers pertaining to the transactions of John B. Laing and Gaymont Fuel Company which were kept by her at an office in her home at Lewisburg; that the 26.142 undivided interest in the two combined blocks of 2548.94 acres of real estate in Nicholas County at the time of the death of John B. Laing was assessed for taxation at the value of $8,660 and its appraised value is $6,650; that it is underlaid with valuable coal deposits, one of which is known as the Sewell seam of coal; that at the time it was sold under the deed of trust and conveyed by Kincaid, Trustee, to Gaymont Fuel Company for $500, its value was between $40,000 and $80,000; that the sale of the real estate under the deed of trust was "put through in a hurried manner" without any actual notice to the defendants and without their knowledge and consent; that the deed of conveyance is for that reason null and void and of no effect; that at the time of the execution of the two deeds of trust Gaymont Fuel Company held record title to forty nine tracts of land in Nicholas County containing approximately 5,000 acres, several other tracts of land, and a part interest in other tracts of land of the approximate value of $50 per acre but that, notwithstanding this situation, the deeds of trust were "placed upon the real estate of the said John B. Laing, and not upon the properties of the said Gaymont Fuel Company, which is another badge of fraudulent intent in the transactions pertaining to the real estate in controversy in this suit"; that the rents, issues and profits of the real estate and interest in real estate owned by John B. Laing in Nicholas County at the time of his death will not in five years pay off and

discharge the existing liens against them; that the judgment of Samuel Price, Administrator of Susan K. Laing, is unpaid and owing in the amount of $55,960.22 in August, 1950; that the judgment of Susanna Laing Speas, with interest, is also unpaid; that the defendants in their answer and cross-bill sue in behalf of themselves and all other creditors of the estate of John B. Laing, deceased; that the deed by Kincaid, Trustee, to Gaymont Fuel Company was made for the purpose of attempting to create a preference in behalf of Gaymont Fuel Company and, if permitted to stand, will create a preference in its favor against the creditors of John B. Laing; that the sale under the two deeds of trust was not made pursuant to law but was made to enable Gaymont Fuel Company to obtain "the property sold thereunder at a sacrifice", with the intent to hinder, delay and defraud the creditors of the estate of John B. Laing.

The prayer of the answer and cross-bill is that the plaintiffs and Margaret Nelson Laing, Charles W. Dorsey, Charles Laing Dorsey and Margaret Nelson Dorsey, infant heirs of Martha Spence Dorsey, and James Laing, as the heirs at law of John B. Laing, deceased, be made defendants to the cross-bill; that the deed from Ralph T. Kincaid, Trustee, to Gaymont Fuel Company, be set aside; that the deed by the Clerk of the County Court of Nicholas County to Gaymont Fuel Company for nine tracts of land be also set aside; that "an accounting be had between the said Gaymont Fuel Company and the said Farmers and Merchants Bank of Summersville and the said W. P. Kincaid as to the matters and things complained of herein, and covering the time and period set forth herein"; that the temporary injunction awarded against each of the defendants, including D. D. Ashworth, Special Commissioner, be dissolved and the cause dismissed as to him; that a decree may be rendered in favor of Samuel Price, Administrator of Susan K. Laing, deceased, and the other creditors of the estate of John B. Laing, deceased, against Gaymont Fuel Company, Farmers and Merchants Bank of Summersville, and W. P.

Kincaid for the fair market value of the real estate conveyed to Gaymont Fuel Company; that the market value of the real estate at the time of its conversion be ascertained by a commissioner in chancery; that the plaintiffs be required to produce their books of accounts and original records relating to the various transactions with John B. Laing, Margaret Nelson Laing and the estate of John B. Laing; that the cause be referred to a commissioner in chancery to report the real estate, or the interest in real estate, in Nicholas County, and all personal property, owned by John B. Laing at the time of his death, the liens upon such real estate and personal property, and their respective amounts and priorities; that such real estate and personal property, or so much of it as may be necessary to discharge the liens and the debts of John B. Laing, be sold; and that the defendants be granted such other, further and general relief as may be equitable.

The answer and cross-bill adopts as exhibits with it the exhibits filed with the bill of complaint. Those exhibits are the deed by Ralph T. Kincaid, Trustee, to Gaymont Fuel Company, dated December 7, 1945, the deed of trust by John B. Laing and Margaret Nelson Laing, his wife, to Ralph T. Kincaid, Trustee, dated September 8, 1932, the amended and supplemental deed of trust made by John B. Laing and Margaret Nelson Laing, his wife, to Ralph T. Kincaid, Trustee, Farmers and Merchants Bank of Summersville and W. P. Kincaid, dated November 18, 1944, the notice of the sale by the trustee, the report of sale under the deed of trust, the deed of trust by Gaymont Fuel Company to Ralph T. Kincaid, Trustee, dated December 7, 1945, and portions of the record in the suit of Samuel Price, Administrator of the estate of Susan K. Laing, deceased, against Margaret Nelson Laing and the heirs at law of John B. Laing, deceased, in the Circuit Court of Greenbrier County, including the bill of complaint, the exhibits filed with it, the deposition of Samuel Price, the report of the commis-

sioner in chancery, the decree of sale, and the notice of sale by D. D. Ashworth, Special Commissioner.

As already indicated the circuit court, by decree entered December 17, 1951, sustained the demurrer to and the motion to strike the allegations of the cross-bill of the defendants setting up their claim to affirmative relief with leave to the defendants to file an amended and supplemental answer and cross-bill within a specified period of time. In connection with the entry of the decree the judge of the circuit court filed a written opinion which appears in the record. The opinion states that the defendants contended that the deed from Kincaid, Trustee, to Gaymont Fuel Company was void (1) because the trustee did not apply to a court of equity before making sale after the death of one of the grantors in the two deeds of trust and (2) because of fraud. According to the opinion the circuit court rejected the first contention upon the authority of point 3 of the syllabus in *Spencer* v. *Miller and Lee,* 19 W. Va. 179. The circuit court also rejected the second contention; and on that point the opinion contains these statements: "As to fraud, I hold to the proposition that the trust deed beneficiary had a right to have the lien enforced, and by sale even after death of the grantor, without resort to a court of equity. That was done. The sale was properly advertised. The creditors had a chance then to appear and bid on the property. They do not complain that their rights were interfered with in this respect, but complain only that Gaymont did not bid more. I feel that this falls far short of fraud."

Pursuant to the leave granted by the decree of December 17, 1951, the defendants filed an amended and supplemental answer and cross-bill against the plaintiffs, the other persons named as defendants in the answer and cross-bill, and Brooks B. Callaghan, as statutory attorney for Gaymont Fuel Company, as defendants. This pleading, in addition to the caption, the reservation of exceptions, and the prayer for affirmative relief against the persons impleaded as defendants, contains eleven separ-

ate paragraphs which are numbered from I to XI, inclusive.

Paragraph I of the amended and supplemental answer and cross-bill denies each allegation contained in paragraphs I, II, III and IV of the bill of complaint. The designated paragraphs constitute the premises of the bill of complaint and set forth the alleged cause of action of the plaintiffs.

Paragraph II of the amended and supplemental answer and cross-bill denies that Gaymont Fuel Company is the owner of the real estate claimed by it, that the sale made by the trustee on December 7, 1945, was a valid sale, and that Farmers and Merchants Bank of Summersville and W. P. Kincaid are the holders of a valid deed of trust lien upon the real estate under the deed of trust made by Gaymont Fuel Company to Ralph T. Kincaid, Trustee, dated December 7, 1945.

By Paragraphs IV and V the defendants adopt as part of the amended and supplemental answer and cross-bill all the allegations and the prayer for affirmative relief set forth and contained in their answer and cross-bill.

The remaining paragraphs of the amended and supplemental answer and cross-bill contain substantially the same allegations that are set forth in paragraphs III to XI, inclusive, of the answer and cross-bill, though in some instances the allegations of those paragraphs of the amended and supplemental answer and cross-bill deal with those matters somewhat more specifically and in greater detail and incorporate some additional incidental matters; and the prayer for affirmative relief, though somewhat more comprehensive, is substantially the same as the prayer for such relief in the answer and cross-bill.

Upon the second application for an appeal, which consists of a petition filed September 3, 1952, upon which an appeal was refused by this Court on December 22, 1952, and which was again filed January 15, 1953, and a sup-

plemental petition also filed January 15, 1953, this Court granted this appeal on February 9, 1953.

The plaintiffs in their brief filed in this Court, by separate motions, moved (1) to dismiss the appeal from the decrees of December 17, 1951, and March 28, 1952, relating to the parties to and the subject matter of the cross-bills as having been improvidently awarded and to limit the appeal to the decree of August 19, 1952, and (2) to dismiss this appeal in its entirety on the ground that it was improvidently awarded upon the assumption that it would cover the parties to and the subject matter of the cross-bills. In support of the first motion the plaintiffs contend that the decree of March 28, 1952, sustaining the demurrer to the amended and supplemental cross-bill and dismissing the cross-bill and the amended and supplemental cross-bill and the parties defendant to each of them, with costs, after the defendants had declined to amend, is a final decree and that, such decree being final, an appeal from it may not be granted by this Court because such appeal was not applied for within eight months from the entry of such final decree. In support of the second motion the plaintiffs insist that the demurrers to and the motions to strike the allegations of the cross-bills were properly sustained and that there is no error in the decree of August 19, 1952.

By their assignments of error the defendants seek reversal of the decrees of December 17, 1951, March 28, 1952, and August 19, 1952, because of the action of the circuit court: (1) In sustaining the demurrer and the motion to strike the cross-bill of the defendants seeking affirmative relief and dismissing the cross-bill and the persons impleaded as parties defendant to it; (2) in sustaining the demurrer and the motion to strike the amended and supplemental cross-bill of the defendants seeking affirmative relief and dismissing the amended and supplemental cross-bill and the persons impleaded as parties defendant to it; (3) in refusing to grant the defendants the relief prayed for by them; (4) in refusing

to dispose of all the questions which were essential to the final determination of the cause; (5) in refusing to set aside the sale under the deed of trust and the supplemental deed of trust from John B. Laing and wife to Ralph T. Kincaid, Trustee, and the deed from the trustee to Gaymont Fuel Company; (6) in refusing to adjudicate that the real estate described in the two deeds of trust was owned by John B. Laing at the time of his death subject to the debts, liens and judgments against his estate; (7) in decreeing that the plaintiffs were the owners of the real estate free of the lien of the judgments held by two of the defendants; (8) in permanently enjoining the defendants from selling, conveying, or otherwise creating any claim upon the title of the plaintiffs to the real estate involved in this suit; (9) in refusing to require Gaymont Fuel Company, its president and its statutory attorney, to produce the books and the records described in a subpoena duces tecum issued in the cause; and (10) in requiring the defendants to proceed with the trial of the case upon the issues arising upon the bill of complaint and the answer and the supplemental answer of the defendants.

Several of the foregoing assignments of error relate to the matters set forth in the cross-bills upon which the defendants rely for the affirmative relief prayed for in the cross-bills; and whether those assignments of error may be considered upon this appeal depends upon the nature and the effect of the decree of March 28, 1952, which dismissed the cross-bills and the persons impleaded as defendants to them from this case.

If the decree of March 28, 1952, is a final decree and, as such, appealable under clause (a), Section 1, Article 5, Chapter 58, Code, 1931, which provides for an appeal by a party to a controversy in a circuit court in civil cases where the matter in controversy, exclusive of costs, is of greater value or amount than $100 in which there is a final judgment, decree, or order, the petition of the defendants for an appeal, not having been filed within eight

months from the date of that decree, does not bring it before this Court for review and it may not be disturbed on this appeal.

A decree sustaining a demurrer to a bill of complaint and dismissing a suit is a final decree. *Snyder* v. *Lane,* 135 W. Va. 887, 65 S. E. 2d 483; *Lee* v. *City of Elkins,* 97 W. Va. 183, 124 S. E. 499; *State* v. *Crockett,* 94 W. Va. 423, 119 S. E. 165. See also *Saffel* v. *Woodyard,* 90 W. Va. 747, 111 S. E. 768; *Heater* v. *Lloyd,* 85 W. Va. 570, 102 S. E. 228; *Norris* v. *Lemen,* 28 W. Va. 336. A decree sustaining a demurrer to a bill of complaint and dismissing it without prejudice to the right of the plaintiff to transfer the case to the law side of the court is a final decree and, as such, is appealable. *Murray* v. *Price,* 114 W. Va. 425, 172 S. E. 541.

An order of court in an action at law which dismisses a defendant is in the nature of a final order and is reviewable in this Court upon writ of error only and not by certificate. *Posten* v. *Baltimore and Ohio Railroad Company,* 93 W. Va. 612, 117 S. E. 491. See *Heater* v. *Lloyd,* 85 W. Va. 570, 102 S. E. 228.

In *Pittsburgh and West Virginia Gas Company* v. *Shreve,* 90 W. Va. 277, 110 S. E. 714, this Court held that when a demurrer to an answer in the nature of a cross-bill is sustained and the answer is dismissed to the extent that it sets forth matter for affirmative relief this Court is without jurisdiction, upon certificate, to review and pass upon the questions raised by the demurrer relative to the affirmative relief prayed for in such answer. In that case the plaintiff, a gas company, filed, in the Circuit Court of Wetzel County, its bill of interpleader in which it alleged that it held certain sums of money to which the defendants asserted conflicting claims. Some of the defendants filed an answer in the nature of a cross-bill which set forth matter for affirmative relief against the defendants to that pleading. The court sustained a demurrer to the answer and dismissed it to the extent that it prayed for affirmative relief. In the opinion, consider-

ing the nature of the decree, this Court said: "In this decree we have finality; and the only way by which a final decree can be reviewed in the appellate court is by appeal. Had the demurrer been sustained or overruled without dismissal of the cross-bill, the action of the court would have been reviewable by the procedure under consideration—by certification. The merits of the cause would have been pending, undetermined, and the parties yet before the court. It is true that plaintiff's bill of interpleader is pending. The relief sought by that bill has not been granted nor refused; but the controversy between the co-defendants arising on the cross-bill answer, the merits of the underlying cause of the litigation, have been determined, adjudicated and dismissed from further consideration. As between co-defendants there is finality in the decree."

The language just quoted is applicable here. In dismissing the cross-bills of the defendants and the defendants to those pleadings, the plaintiffs being among those defendants, all matters set forth in the cross-bills on which the defendants based their claim for affirmative relief against the plaintiffs and the other defendants to the cross-bills were finally determined and those matters were "the merits of the underlying cause" of this litigation. The main purpose of the instant suit was to prevent the defendants from consummating the sale of the real estate as the property of John B. Laing under a final decree in the suit which the defendant Price, Administrator of Susan K. Laing, deceased, instituted in the Circuit Court of Greenbrier County, and the basis of the claim of the defendants for affirmative relief in accomplishing the sale was the subject matter of the cross-bills which the circuit court, after the defendants declined to amend, dismissed by the decree of March 28, 1952. The effect of that decree, from which no appeal was obtained on any petition presented to this Court within eight months after its entry, was to put the real estate against which the defendants, by their cross-bills, sought to enforce the judg-

ments held by two of them, beyond their reach as to any claim by any of them against it.

The case at bar and the *Pittsburgh and West Virginia Gas Company* case are readily distinguishable from the case of *Staud* v. *Sill,* 114 W. Va. 208, 171 S. E. 428, cited and relied upon by the defendants to support their contention that the decree of March 28, 1952, is not an appealable decree. In the *Staud* case this Court, holding that a decree of a court sustaining a demurrer to and dismissing a part only of a bill of complaint was not appealable as adjudicating the principles of the cause and that the questions arising upon the demurrer were reviewable by this Court on certificate, expressly overruled the holding of this Court in point 3 of the syllabus in *Blue* v. *Hazel-Atlas Glass Company,* 93 W. Va. 717, 117 S. E. 612 that "* * * if the portion of the bill struck out is so material as to deny plaintiff his right to relief or part thereof, striking it out amounts to a dismissal of that part of plaintiff's claim; and the ruling of the trial court thereon can not be reviewed upon certificate." Here the cross-bills in their entirety and not in part only as in the *Staud* case, and the defendants to the cross-bills, were dismissed from the suit and the decree of dismissal is a final decree within the holding of this Court in *Pittsburgh and West Virginia Gas Company* v. *Shreve,* 90 W. Va. 277, 110 S. E. 714. When, as in this case, a demurrer to an answer and cross-bill and a demurrer to an amended and supplemental answer and cross-bill are sustained and the cross-bills and the defendants to them are dismissed, the decree of dismissal, as to the matters set forth in the cross-bills, and as between the parties to them, is a final decree and as such is an appealable decree under clause (a), Section 1, Article 5, Chapter 58, Code, 1931.

Under earlier statutes, Section 3, Chapter 44, Acts of the Legislature, 1877, Regular Session, and Section 3, Chapter 157, Acts of the Legislature, 1882, Regular Session, fixing the period of time within which a petition for an appeal from, or a writ of error or supersedeas to, any

judgment, decree, or order may be presented at five years from the rendition of such judgment, decree, or order, this Court held in *Lloyd* v. *Kyle,* 26 W. Va. 534, in points 1, 2 and 3 of the syllabus that "no petition can be entertained by this Court for an appeal from any decree of any character, which was rendered more than five years before the petition is presented for an appeal."; that "Where an appeal is properly obtained from an appealable decree either final or interlocutory, such appeal will bring with it for review all preceding non-appealable decrees or orders, from which have arisen any of the errors complained of in the decree appealed from, no matter how long they may have been rendered before the appeal was taken."; that "A party can not be granted an appeal upon a petition assigning errors in *appealable* decrees rendered more than five years before his petition is presented, although the errors thus assigned may be the foundation of and be given effect in a subsequent decree rendered within five years, from which an appeal is also prayed."; and that "The petition must show that the party is entitled to an appeal from such subsequent decree alone, or the appeal can not be properly allowed, * * *." In *Buster and Beard* v. *Holland,* 27 W. Va. 510, this Court also held in point 1 of the syllabus that no error in an appealable decree could be reviewed unless the petition for the appeal was presented within five years after such decree was rendered, even though, the decree not being final, a final decree was subsequently rendered from which an appeal was properly obtained and the error in the final decree arose from errors in the former appealable decree which were followed in the final decree. In *Tiernan's Adm'r* v. *Minghini's Adm'r,* 28 W. Va. 314, an appealable decree was rendered in the cause in 1877 and other subsequent decrees were also entered. An appeal was properly allowed to the subsequent decrees but not within five years from the entry of the decree of 1877. The holding was that upon the appeal this Court was without authority to consider or review the decree rendered in 1877 or any of the proceedings had in

the cause prior to the entry of that decree.  See also *Middleton* v. *Selby,* 19 W. Va. 167, decided under Section 3, Chapter 17, Acts of 1872-3.

By Section 3, Chapter 157, Acts of the Legislature, 1882, Regular Session, the period within which a petition for an appeal from, or a writ of error or supersedeas to, any judgment, decree, or order rendered after that act became effective  could be presented was reduced from five years to two years from the rendition of the judgment, decree or order.   Under that statute this Court has held that no appeal may be had from an appealable decree unless the petition for such appeal is presented within two years after such decree was rendered, *Barbour, Stedman and Herod* v. *Tompkins,* 58 W. Va. 572, 52 S. E. 707, 3 L. R. A., N. S., 715; *Trail* v. *Trail,* 56 W. Va. 594, 49 S. E. 431; *Cresap* v. *Cresap,* 54 W. Va. 581, 46 S. E. 582; *Lehman* v. *Hinton,* 44 W. Va. 1, 29 S. E. 984; *Kanawha Valley Bank* v. *Wilson,* 35 W. Va. 36, 13 S. E. 58; and that no error in an appealable decree can be reviewed unless a petition for an appeal is presented within two years after such decree was rendered, *Stout* v. *Philippi Manufacturing and Mercantile Company,* 41 W. Va. 339, 23 S. E. 571, 56 Am. St. Rep. 843; *Rader* v. *Adamson,* 37 W. Va. 582, 16 S. E. 808; *Hoy* v. *Hughes,* 27 W. Va. 778.   In the *Stout* case this Court said in point 2 of the syllabus: "An appeal taken in time from a decree will bring up for review every former order or decree not itself appealable, no matter when entered, and every appealable decree entered not more than two years before the appeal; but it will not bring up for review any appealable decree or order entered more than two years before the appeal. Nor can any error in the decree or order appealed from in time be reviewed, if that error be based solely on an appealable decree or order entered more than two years before appeal; and furthermore, of course, no error in an order or decree back of such appealable decree, dating over two years back, can be reviewed, no matter what the character of the order or decree in which it was committed."

By Section 3, Chapter 39, Acts of the Legislature, 1909, Regular Session, the time within which a petition for appeal, writ of error, or supersedeas may be presented to this Court was reduced, as to judgments, decrees, or orders entered after the act became effective, from two years to one year from the entry of any such judgment, decree, or order; and by Section 3, Chapter 57, Acts of the Legislature, 1921, Regular Session, which as amended is incorporated in Section 4, Article 5, Chapter 58, Code, 1931, the period was shortened from one year to the present limit of eight months.

Under the present statute, Section 4, Article 5, Chapter 58, Code, 1931, no appeal can be entertained by this Court from any appealable decree, whether final or interlocutory, which has been rendered more than eight months before a petition for an appeal was presented; and no error in an appealable decree can be considered or reviewed upon an appeal from a subsequent appealable decree, which has been properly allowed by this Court, unless the petition has been presented within eight months after the prior appealable decree was rendered. See *Snyder* v. *Breitinger*, 100 W. Va. 93, 130 S. E. 96; *Hyre* v. *Johnson*, 107 W. Va. 524, 149 S. E. 385, 64 A. L. R. 1536; *Point Pleasant Register Publishing Company* v. *County Court of Mason County*, 115 W. Va. 708, 177 S. E. 873.

The decree of March 28, 1952, being a final decree and, as such, appealable, and no appeal having been granted upon a petition presented within eight months after its rendition, can not be considered or reveiwed on the appeal granted upon the petition and the supplemental petition presented to this Court on January 15, 1953; and the appeal, as to that decree and the prior nonappealable decree of December 17, 1951, must be dismissed as improvidently awarded. An appeal from an appealable decree and a prior nonappealable decree which has been properly allowed from a subsequent appealable decree upon a petition presented within eight months after the

subsequent appealable decree was rendered but more than eight months after the prior appealable decree was rendered will be dismissed by this Court as improvidently awarded as to the prior appealable and nonappealable decrees. See *Stout* v. *Philippi Manufacturing and Mercantile Company,* 41 W. Va. 339, 23 S. E. 571, 56 Am. St. Rep. 843; *Hoy* v. *Hughes,* 27 W. Va. 778.

The effect of the decree of March 28, 1952, was to strike the cross-bills and to eliminate from the answer and the amended and supplemental answer all the allegations in each pleading of the matters on which the defendants based their claim for affirmative relief as distinguished from the allegations in each pleading in denial of the allegations of the bill of complaint. As a result of the dismissal of the cross-bills, the answering portion, which was all that remained of each pleading, regardless of its position in such pleading, consisted merely of matter in denial of the allegations of the bill of complaint. The only issues remaining, presented by the pleadings after the decree of dismissal, were the issues arising upon the bill of complaint and the denials in the answers. As the answers, after the dismissal of the cross-bills, set forth no matter for affirmative relief, all such matter having been stricken and eliminated from the answers by the dismissal of the cross-bills, no special replication to the answers was necessary or proper; and the allegations remaining in the answers could not have been and were not taken for confessed by any failure of the plaintiffs to file a special replication.

After the dismissal of the cross-bills, the circuit court regarded all matters forming a basis for the affirmative relief sought by the defendants as having been eliminated from the suit because not presented by any remaining pleading of the defendants and, for that reason, it restricted and limited the hearing of the case and the reception of evidence to the matters set forth in the bill of complaint. Whether this action of the circuit court was correct or erroneous can not, for the reasons here-

tofore set forth, be considered or reviewed on this appeal.

On the hearing upon the pleadings remaining after the entry of the decree of March 28, 1952, the plaintiff introduced evidence in support of the allegations of the bill of complaint. The evidence so introduced was sufficient to establish the material facts alleged in the bill of complaint and to entitle the plaintiffs to the relief prayed for in that pleading. Though the defendants, under a subpoena duces tecum, sought to obtain the production before the court of certain books, records and documents, for the purpose of using them as evidence to support their claim for affirmative relief, the circuit court refused to require the production of any of the books, records and documents sought by the plaintiffs. This action was consistent with the ruling of the court in dismissing the cross-bills. The same comment applies to the action of the court in requiring the defendants to try at the next term of court after the entry of the decree of March 28, 1952, the matters arising upon the bill of complaint and the denials in the answers. The only evidence in behalf of the defendants which the court permitted them to introduce was evidence which established the rendition of the two judgments and the amount due and unpaid on each of them. Upon the foregoing evidence the circuit court rendered the final decree of August 19, 1952, and that decree, being supported by the evidence, will not be disturbed by this Court. "In equity the findings of fact of the trial chancellor will not be disturbed on appeal unless at variance with undisputed evidence or contrary to the plain preponderance of the whole evidence." Syllabus, *Kincaid* v. *Evans*, 106 W. Va. 605, 146 S. E. 620. *Kronjaeger* v. *Travelers Insurance Company*, 124 W. Va. 730, 22 S. E. 2d 689; *Board of Commissioners of the County of Ohio* v. *Elm Grove Mining Company*, 122 W. Va. 442, 9 S. E. 2d 813; *Pickens* v. *O'Hara*, 120 W. Va. 751, 200 S. E. 746; *Swan* v. *Mumford*, 117 W. Va. 11, 183 S. E. 916. See also *Rohrbaugh* v. *Rohrbaugh*, 136 W. Va. 708, 68 S. E. 2d 361; *Johnston* v. *Terry*, 128 W. Va. 94, 36 S. E. 2d 489; *Coulter* v. *Coulter*, 127 W. Va. 710,

34 S. E. 2d 330; *Weaver* v. *Trembly,* 126 W. Va. 802, 30 S. E. 2d 242; *Hardin* v. *Collins,* 125 W. Va. 81, 23 S. E. 2d 916; *Crouch* v. *Crouch,* 124 W. Va. 331, 20 S. E. 2d 169; *Mullens* v. *Lilly,* 123 W. Va. 182, 13 S. E. 2d 634; *Spradling* v. *Spradling,* 118 W. Va. 308, 190 S. E. 537.

The assignments of error which have not been disposed of or discussed relate to the matters set forth in the cross-bills and, as all such matters were eliminated from the case by the appealable decree of March 28, 1952, which can not be reviewed upon this appeal, those assignments of error will not be considered or discussed.

For the reasons stated the motion of the plaintiffs to dismiss this appeal as to the interlocutory decree of December 17, 1951, and the appealable decree of March 28, 1952, as improvidently awarded, is sustained; their motion to dismiss this appeal in its entirety is denied; and the final decree rendered by the circuit court on August 19, 1952, being free from prejudicial error, is affirmed.

> *Appeal dismissed as to decrees of December 17, 1951, and March 28, 1952; and decree of August 19, 1952, affirmed.*